NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

KEVIN FOSTER BONAM, *Petitioner/Appellant,*

*v.*

GENESIS M. BONAM, *Respondent/Appellee.*

No. 1 CA-CV 23-0277 FC
FILED 2-29-2024

Appeal from the Superior Court in Maricopa County
No. FN2020-003405
The Honorable Max Covil, Judge

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART**

COUNSEL

Rose & Associates PLLC, Chandler
By Timothy J. Rose
*Counsel for Petitioner/Appellant*

Genesis M. Bonam, Glendale
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Paul J. McMurdie delivered the Court's decision, in which Judge Maria Elena Cruz and Judge Cynthia J. Bailey joined.

---

**M c M U R D I E**, Judge:

¶1        Kevin Bonam ("Husband") appeals from the superior court's decree dissolving his marriage to Genesis Bonam ("Wife") and the court's denial of his motion for an amended judgment. Husband contests the court's equitable lien calculation on his sole and separate property. He asserts that the court erred by (1) failing to order an appraisal for the marital residence as of the date of marriage and (2) not including Husband's home equity line of credit ("HELOC") in the equitable lien calculation. We find no error on these issues, but because of mathematical errors, we remand for the superior court to recalculate the equitable lien.

## FACTS AND PROCEDURAL BACKGROUND

¶2        In 2015, before the parties' marriage, Husband bought a home ("Carver Property") and took the title in his name. The next year, Husband and Wife married. They used the Carver Property as their marital residence. In 2018, Husband took out a HELOC to purchase solar panels for the Carver Property.

¶3        Husband petitioned for dissolution in 2020. The court held an evidentiary hearing on the petition, during which neither party presented an appraisal of the Carver Property. Wife testified that she requested an appraisal on the property, but Husband did not cooperate. The court ordered an appraisal of the property at the time of service. It also ordered the parties to submit proposed *Drahos*[1] calculations after the appraisal and provide supplemental briefs on whether the HELOC was a community debt.

¶4        The appraiser valued the Carver Property at the time of service at $295,000 and documented that the HELOC-financed solar panels

---

[1]        *See Drahos v. Rens*, 149 Ariz. 248, 250 (App. 1985).

did not contribute to the property's value, per guidelines. In Husband's briefing, he presented two *Drahos* calculations, one that included the HELOC and one that did not. He did not provide a calculation employing the *Drahos/Barnett* formula.[2] He argued the court should use the *Drahos* calculation without including the HELOC and then divide the HELOC as a community debt. Husband argued the HELOC should be a community debt equally divided because he bought the solar panels during the marriage to benefit the community. He argued the benefits to the community included an increased value of the home, a tax rebate, and lower electricity bills. Wife argued she should not be responsible for the HELOC debt because the solar panels, per appraisal guidelines, did not contribute to the property's value and because she did not meaningfully benefit from lowered electricity bills.

¶5        In September 2022, the superior court issued the dissolution decree. The court found that the Carver Property was Husband's sole and separate property, but the community had an equitable lien. The court calculated the community's equitable lien and awarded Wife $19,747 as her community interest. It also found that the HELOC was a community debt but ordered that Husband pay 100% of the HELOC. It reasoned:

> [B]ecause the solar panels do not contribute to the overall value of the residence, Wife should not bear any of the debt associated with the panels. It appears that the only benefit the solar panels have was a reduced electricity bill. Insofar as Wife cannot benefit from a lowered electricity bill (because the property is Husband's sole and separate), and the solar panels did not contribute to appreciation of the house whatsoever (per the appraiser), it would be unjust and inequitable to make her responsible for any portion of the solar panels. Indeed, making Wife responsible for any debt associated with the solar panels would effectively nullify any lien she has in the property.

¶6        Husband moved for an amended judgment under Arizona Rule of Family Law Procedure 83, which the court denied. Husband

---

[2]        *Barnett v. Jedynak*, 219 Ariz. 550 (App. 2009), modified *Drahos* to account for the post-marriage appreciation on a spouse's separate property. *Saba v. Khoury*, 253 Ariz. 587, 591, ¶ 12 (2022). Our supreme court upheld the modified formula and called it the *Drahos/Barnett* formula. *Id.* at 592, ¶ 14. But the original *Drahos* formula remains valid. *See id.* at 592, ¶ 16.

appealed, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 12-2101(A)(1), and Arizona Rule of Family Law Procedure 78(c).

## DISCUSSION

**¶7**        The superior court has broad discretion in apportioning community property at dissolution to achieve an equitable division. *Boncoskey v. Boncoskey*, 216 Ariz. 448, 451, ¶ 13 (App. 2007). And we will not disturb the community property apportionment absent an abuse of discretion. *Barnett v. Jedynak*, 219 Ariz. 550, 553, ¶ 10 (App. 2009). An abuse of discretion occurs when the record is "devoid of competent evidence to support the decision" or when the court commits "an error of law . . . in the process of reaching a discretionary conclusion." *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 19 (App. 2009) (cleaned up).

**A.        The Superior Court Did Not Abuse Its Discretion by Not Ordering an Appraisal of the Carver Property for the Date of Marriage.**

**¶8**        Husband argues that the court erred by ordering an appraisal of the Carver Property for the date of service of the dissolution petition rather than the date of marriage. He contends that "[b]y not ordering an appraisal for the date of marriage, Husband was not credited for any prenuptial appreciation in the Carver Property, while the community was erroneously awarded all of the appreciation since Husband purchased the Carver Property in 2016."

**¶9**        It is true that, when appropriate, "the separate property interest should be given credit for pre-nuptial appreciation." *Drahos v. Rens*, 149 Ariz. 248, 250, n.1 (App. 1985). And "when separate property appreciates both prior to and after the marriage date, the community's interest in any post-nuptial appreciation should be a factor of the community's contributions to principal divided by the value of the property at the time of marriage." *Barnett*, 219 Ariz. at 555, ¶ 21.

**¶10**        But it is a party's burden to present evidence, not the court's. *See Troutman v. Valley Nat'l Bank of Ariz.*, 170 Ariz. 513, 517 (App. 1992) ("The party who asserts a fact has the burden to establish that fact."); *see also Gutierrez v. Gutierrez*, 193 Ariz. 343, 350, ¶ 27 (App. 1998) (A party cannot fail to offer certain evidence and then complain that the superior court abused its discretion by ignoring that evidence.). If Husband believed "the relevant value for determining the community's interest in later appreciation [was] the value on the date of marriage," he should have provided the superior court with that appraisal. Husband failed to provide

the figures required to account for any prenuptial appreciation. He has thus waived the right to claim it was error not to consider it.

## B. The Superior Court Did Not Err by Not Including the Husband's HELOC in the Equitable Lien Calculation.

**¶11** "The existence and the value of an equitable lien present mixed questions of fact and law." *Valento v. Valento*, 225 Ariz. 477, 481, ¶ 11 (App. 2010). "[W]e defer to the trial court's factual findings but review legal conclusions de novo." *Saba v. Khoury*, 253 Ariz. 587, 590, ¶ 7 (2022). And "[w]e view the evidence in the light most favorable to upholding the trial court's judgment." *Id.*

**¶12** The purpose of an equitable lien is to reimburse the marital community for its contributions to a spouse's separate property. *Saba*, 253 Ariz. at 590, ¶ 8. Our supreme court clarified that when calculating an equitable lien, the *Drahos/Barnett* formula is only a "starting point . . . . from which courts can evaluate whether the facts of a specific case warrant a modification of or departure from that formula." *Id.* at 592, ¶ 16. If the court departs from the formula, the equitable lien must reflect "the amount of the community contribution and a division of equity reflecting the increase in value due to the community contribution." *Id.*

**¶13** The superior court employed the *Drahos* formula and used the Carver Property's mortgage balances at the time of marriage and the date of service to determine the community's contributions to the principal. It did not include the HELOC in these mortgage balance figures. Husband argues that the superior court must include the HELOC in this calculation.

**¶14** But the *Drahos* formula "apportion[s] to the community the increase in the property's value attributable to the community's mortgage payments." *Saba*, 253 Ariz. at 591, ¶ 11. And the superior court found that the HELOC-financed solar panels did not increase the Carver Property's value. *See id.* at 590, ¶ 7 (We defer to the superior court's factual findings.). Thus, the community did not need to be reimbursed for its contributions to the HELOC. The court also had the discretion to depart from the *Drahos* formula to achieve an equitable outcome. *See id.* at 592, ¶ 16. The court did not err by calculating the equitable lien without the HELOC.

## C. The Superior Court Abused Its Discretion by Miscalculating the Community's Equitable Lien.

**¶15** We address the superior court's miscalculation *sua sponte*. *See State v. Fernandez*, 216 Ariz. 545, 554, ¶ 32 (App. 2007) ("Although we do not

search the record for fundamental error, we will not ignore it when we find it."). The court used the *Drahos* formula to calculate the community's lien. *See Drahos*, 149 Ariz. at 250. *Drahos* provided that the formula requires "adding the principal balance paid by the community to the product of the community property principal payments divided by the purchase price times the appreciation in value." *Id.* The algebraic equation is as follows:

Where "A" = appreciation in value of the property since purchase;

Where "B" = the purchase price of the property; and

Where "C" = community contributions to the principal,

The value of community's lien on the property is:

$$C + [C/B \times A]$$

*Barnett*, 219 Ariz. at 554, ¶ 16. The property's appreciation, represented by "A," "is typically calculated by subtracting the value of the property on the date of purchase from the appraised value on the date of service." *Saba*, 253 Ariz. at 591, ¶ 12, n.2.

**¶16**　　　　　Here, the superior court considered and calculated the community's equitable lien as follows:

> A retroactive appraisal of the house was obtained by the parties post-trial. The appraisal indicates the house was worth $295,000 at the time of service. The mortgage balance at the time of the marriage was $220,888.32. The mortgage balance as of the date of service was $204,282.14. Therefore the community paid $16,606.18 toward[] the [principal]. Given the figures above, the Drahos calculation would be: $16,606.18 + ($16,606.18/$220,888.32) × $295,000 = $38,747.55. Wife is entitled to $19,747.55.

As evidenced by its calculations, the superior court used the Carver Property's appraisal at the time of service, $295,000, as its appreciation value. But the court failed to subtract the property's value on the date of purchase from the appraisal figure. *See Saba*, 253 Ariz. at 591, ¶ 12, n.2. Because the court used the property's mortgage balance at the time of marriage, $220,888.32, as the property's purchase price ("B" value), it should have subtracted that figure from the $295,000 appraisal figure to

determine the property's appreciation and then calculated the lien accordingly.

**¶17** We remand for a correct calculation. If, on remand, the parties present the court with new figures, the appreciation value may vary. Still, the court must subtract the purchase price, or a figure standing in for the purchase price, from the appraisal for the time of service to reach the correct appreciation value. *See Saba*, 253 Ariz. at 591, ¶ 12, n.2.

### ATTORNEY'S FEES AND COSTS

**¶18** Husband requests attorney's fees and costs under A.R.S. § 25-324. Per our discretion, we decline Husband's request. Because Husband did not prevail on the issues he raised, he is also not entitled to costs.

### CONCLUSION

**¶19** We affirm the issues Husband raises on appeal but remand for the superior court to calculate correctly the community's equitable lien on the Carver Property.



AMY M. WOOD • Clerk of the Court
FILED: AA